# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BLUEWATER MUSIC SERVICES CORPORATION,<br><br>    Plaintiff(s),<br><br>v.<br><br>SPOTIFY USA INC.,<br><br>    Defendant. | Case No. 3:17-cv-1051<br><br>District Judge Jon Phipps McCalla<br><br>Magistrate Judge Jeffrey S. Frensley |
| ROBERT GAUDIO, et al.<br><br>    Plaintiff(s),<br><br>v.<br><br>SPOTIFY USA INC.,<br><br>    Defendant. | Case No. 3:17-cv-1052<br><br>District Judge Jon Phipps McCalla<br><br>Magistrate Judge Jeffrey S. Frensley |
| A4V DIGITAL, INC., et al.<br><br>    Plaintiff(s),<br><br>v.<br><br>SPOTIFY USA INC.,<br><br>    Defendant. | Case No. 3:17-cv-1256<br><br>District Judge Jon Phipps McCalla<br><br>Magistrate Judge Jeffrey S. Frensley |
| ROBERTSON, et al.<br><br>    Plaintiff(s),<br><br>v.<br><br>SPOTIFY USA INC.,<br><br>    Defendant. | Case No. 3:17-cv-1616<br><br>District Judge Jon Phipps McCalla<br><br>Magistrate Judge Jeffrey S. Frensley |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## I. INTRODUCTION

Plaintiffs, Bluewater Music Services Corporation, et. al.; Robert Gaudio, et al.; A4V Digital, Inc., et. al.; Robertson, et. al., hereinafter (collectively "Plaintiffs") submit this Memorandum of Law in Support of their Motion to Compel Production of Documents to which Plaintiffs are entitled. For the reasons stated herein, Defendant Spotify USA Inc. ("Defendant" or "Spotify") should be required to provide full and complete responses to Plaintiffs' Third Set of Requests for Production of Documents.

Plaintiffs have drafted discovery requests that were designed to elicit specific information related to Plaintiffs' claims and allegations in the Complaints. Plaintiffs have waited nearly three (3) months for responses to discovery. Despite the amount of time that had passed when the parties met and conferred on November 15, 2018, counsel for Spotify had yet to discuss many of the Requests with its client. Subsequently, in a letter dated on November 30, 2018 Spotify confirmed its continued objection to producing documents responsive to many of Plaintiffs Requests. (*See* Exhibit F). Having reached an impasse in the meet and confer process, Plaintiffs now bring this Motion to Compel and respectfully request the Court to issue an Order compelling Spotify to respond completely to the discovery requests at issue, overrule each of Defendant's objections thereto, and produce all responsive documents.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37, a Motion to Compel is proper when a party has failed to comply with discovery requests. Specially, Rule 37(a)(3)(B) provides "A party seeking discovery may move for an order compelling an answer, designation, production or

2

inspection." This motion may be made if: …. "(iv) a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34."

The Supreme Court has stated that because "discovery itself is designed to help define and clarify the issue," Federal Rule of Civil Procedure 26 has been "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Marsico v. Sears Holding Corp.*, 370 F. App'x 658, 664 (6th Cir. 2010) (*citing Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). Federal Rule of Civil Procedure 26 states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" as long as it is otherwise within the scope of discovery. Fed. R. Civ. P. 26(b)(1). Relevancy at the discovery stage is broadly defined, and the parties have a right to conduct discovery to determine the facts of their case. *Osborn v. Griffin*, No. 11-89-WOB-CJS, 2013 U.S. Dist. LEXIS 201060, at *20 (E.D. Ky. Jul. 17, 2013). The information sought need not be admissible in court to be relevant.

Here, the discovery sought is directly related to Plaintiffs' claims in the lawsuit. Furthermore, considering the importance of the issues at stake, the large amount in controversy, Spotify's massive success, the importance of the discovery in demonstrating Defendant's copyright infringement, the substantial resources of Spotify, and the importance in discovering the true extent of the copyright infringement, the discovery sought by Plaintiffs must be produced. In this type of case wherein Plaintiffs allege that Spotify committed willful copyright infringement by refusing to comply with U.S. Copyright law, Plaintiffs should be allowed broad and liberal discovery.

3

In this Circuit, the scope of discovery "is . . . within the broad discretion of the trial court." *Smith & Nephew, Inc. v Fed. Ins. Co*., No. 02-2455 B/An, 2005 U.S. Dist. LEXIS 31309, at *10 (W.D. Tenn. Nov. 10, 2005) (*citing Lewis v. ACB Business Servs. Inc.,* 135 F.3d 389, 402 (6th Cir. 1998)). The United States Supreme Court has also noted that discovery should be both broad and liberal. *Id.; see also Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964) (*citing Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Plaintiffs' discovery seeks documents that support Plaintiffs' copyright infringement claims against Defendant.

### III.  SUMMARY OF DISCOVERY REQUESTS AND MEET AND CONFER

On September 5, 2018, Plaintiffs served Defendant with their Third Set of Requests for Production of Documents ("Third Requests for Production") (*See* attached Exhibit B). On October 5, 2018, Defendant responded to Plaintiffs' Third Requests for Production with Defendant's Objections and Responses to Plaintiffs' Third Set of Requests for Production of Documents ("Defendant's Responses"). Defendant's Responses are deficient and include unjustifiable objections. (*See* attached Exhibit B).

Plaintiffs determined that Defendant's Responses were deficient and contained unjustifiable objections. By letter dated October 12, 2018, counsel for Plaintiffs addressed Defendant's Responses and requested to meet and confer. (*See* attached Exhibit A). Pursuant to the Court's Order of October 24, 2018, Defendant is required to produce documents responsive to Plaintiffs' discovery requests without regard to whether such documents are custodial or non-custodial and without application of search terms. (*See* Doc. No. 120, Bluewater). By letter dated November 1, 2018, Plaintiffs listed the requests they believe to be encompassed by the October 24, 2018 Court Order. (*See* attached Exhibit C). Defendant responded to Plaintiffs' letter on November 8, 2018, stating that Plaintiffs' Second and Third Requests for Production "are entirely

4

duplicative of Plaintiffs' wide-ranging first 86 requests." (*See* attached Exhibit D). Additionally, despite Plaintiffs' efforts to meet and confer with respect to Plaintiffs' Second and Third Requests for Production, in Defendant's November 8th letter, it attempts to justify its deficient production by the fact that the parties had not yet had any meet and confer discussions. (*See Id.*)

On November 15, 2018, the parties held a telephonic meet and confer conference to discuss Defendant's Responses, specifically to discuss the scope and meaning of Plaintiffs' Third Requests for Production. During this telephonic meet and confer conference, Defendant stated that it will not be producing responsive documents for Bluewater Request Nos. 131, 135, 136, 140, 142, and 143. Additionally, despite the substantial amount of time that had passed since Plaintiffs served Defendant with their Third Requests for Production, Defendant stated during the meet and confer conference that it needed to discuss with its client whether or not it will be producing responsive documents to the Requests discussed in the meet and confer. By letter dated November 19, 2018, counsel for Plaintiffs wrote in follow up to the telephonic meet and confer conference to again confirm whether Defendant will be producing responsive documents for the above Requests so Plaintiffs can consider whether to move forward with any necessary motions with the Court. (*See* Exhibit E).

On November 30, 2018, Defendant responded with a letter stating that it refused to modify or withdraw its objections to Request Nos. 146, 147, 148, 150, and 155. (*See* Exhibit F). As of December 3, 2018, the parties have reached an impasse on Bluewater Request Nos: 131, 135, 136, 140, 142, 143, 146, 147, 148, 150, and 155. The parties meet and confer conference details Spotify's refusal to produce documents for these Requests. These Requests are relevant as they encompass information that is being sought by consultants or experts to determine liability and

damages. Thus, the basis of this Motion is the above eleven (11) requests to which Defendant objects, and each will be addressed more specifically below:

### IV. PLAINTIFFS' OUTSTANDING REQUESTS AND DEFENDANT'S INSUFFICIENT RESPONSES

**Plaintiffs' Request for Production Request No. 131**

"Produce any and all documents, including agreements, contracts, memorandums, e-mails, correspondence, letters, or other communications which relate in any way to the equity investment obtained by the major record labels in Spotify, including any and all agreements between Spotify and Universal Music Group, EMI Group, Warner Music Group, BMG Music, and Sony Music Entertainment."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of any and all documents, including agreements, contracts, memorandums, e-mails, correspondence, letters, or other communications" and the terms "agreements," "other communications," "equity investment," and "major record labels" are vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. This Request is relevant as it seeks information to show that Defendant had an incentive to make musical compositions available on its streaming platform as quickly as possible for its own benefit and for the benefit of its equity investors. Furthermore, Plaintiffs believe this information will reveal discussions regarding the failure of Defendant to properly license each of the musical compositions available on its streaming platform. This information will also reveal the deals or incentives given to these record labels in exchange for equity or for allowing Spotify to use their sound recordings on its streaming service. This information goes directly to our damage claims to the extent the record labels were able to obtain deals or incentives or anything and were

6

Case 3:17-cv-01051   Document 149   Filed 12/04/18   Page 6 of 18 PageID #: 3782

able to profit at the expense of publishers and songwriters, such as Plaintiffs. (*See* Declaration of Sidney Blum ¶¶ 5-6, attached Exhibit G).

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 135**

"Produce any agreements between Spotify and Universal Music Group, Spotify and Warner Music Group, and Spotify and Sony Music Entertainment related to licensing of sound recordings on Spotify."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to the boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of all documents including memorandums, e-mails, correspondence, letters, or other communications" and the term "agreement" is vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Defendant agreed to meet and confer, but the parties reached an impasse. Additionally, Defendant's objections are improper as it has not explained why the information is protected by privilege or work product doctrine; is neither relevant to the claims or defense of any party nor proportional to the needs of the case; or seeks information more properly obtained through other means of discovery and disclosure.

This information is relevant because it will reveal the deals or incentives given to these record labels in exchange for equity or for allowing Spotify to use their sound recordings on its streaming service. This information is designed to prove Plaintiffs' claims and damages, including whether there was willful infringement. *See Word Music, LLC v. Lynns Corp. of Am.,* No. 3:09-0411, 2010 U.S. Dist. LEXIS 108048, at *3 (M.D. Tenn. Oct. 8, 2010) ("The Court finds the standard for willful copyright infringement is 'actual or constructive knowledge' of infringement or 'reckless disregard' of the high probability of infringement.")

7

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 136**

"Produce documentation sufficient to identify the number of musical compositions maintained on Spotify that were controlled by Universal Music Group, Warner Music Group and Sony Music Entertainment on the date of Spotify's Initial Public Offering (April 3, 2018)."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to the boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of documentation sufficient to identify the number of musical compositions maintained on Spotify" and the terms "sufficient," "maintained," and "controlled" are vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Additionally, Defendant's objections are improper as it has not explained why the information is protected by privilege or work product doctrine; is neither relevant to the claims or defense of any party nor proportional to the needs of the case; or seeks information more properly obtained through other means of discovery and disclosure.

This Request is relevant for showing that Defendant made the effort and took the steps necessary to obtain sound recordings for streaming on its interactive platform. Furthermore, the information requested is relevant to demonstrate that Spotify was capable of making efforts and taking steps to comply with Section 115 of the Copyright Act but chose not to do so. This Request is relevant to Spotify's willfulness. Additionally, this information goes directly to Plaintiffs' damage claims to the extent the record labels were able to obtain deals or incentives or anything and were able to profit at the expense of publishers and songwriters, such as Plaintiffs. (*See* Declaration of Sidney Blum ¶¶ 5-6, attached Exhibit G).

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 140**

"Produce documents sufficient to identify the total number of unique users (or unique ISP addresses) that streamed and/or downloaded each of the Exhibit A Musical Compositions."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of documents sufficient to identify the total number of unique users (or unique ISP addresses) that streamed and/or downloaded each of the Exhibit A Musical Compositions" and the terms "sufficient," "identify," and "unique users" are vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Defendant agreed to meet and confer, but the parties reached an impasse. This Request is relevant for the calculation of damages and supporting Plaintiffs' claims for the maximum amount of statutory damages. Additionally, the information may also establish damages per use and determine damages per stream. *See Cobbler Nevada, LLC v. Doe*, No. 15-12771, 2015 U.S. Dist. LEXIS 160665, at *16 (E.D. Mich. Dec. 1, 2015) ("The Court finds that Plaintiff has shown good cause for early discovery ….by stating a plausible claim for copyright infringement and specifically identifying the discovery sought…the Court also finds that the information [ISPs], sought by Plaintiff, is necessary to prosecute the Plaintiff's claim and otherwise unavailable.")

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 142**

"Produce a listing of any musical recordings where the royalty calculated for an individual download is greater than the royalty calculated for any Exhibit A Musical Compositions in the same monthly (or other standard time reporting period) royalty statement period."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of a listing of any musical

9

Case 3:17-cv-01051   Document 149   Filed 12/04/18   Page 9 of 18 PageID #: 3785

recording" and the terms "listing," "calculated," "musical recordings," "individual download," and "standard time reporting period" are vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Defendant agreed to meet and confer, but the parties reached an impasse. This Request is relevant for proving Defendant's failure to pay appropriate royalties in noncompliance with the Copyright Act. *See Mitchell v. Universal Music Group Inc.*, No. 3:15-CV-174-JHM 2018 U.S. Dist. LEXIS 54433, at *11-12 (W.D. Ky. Mar. 30, 2018) (*citing Siriano v. Goodman Mfg. Co., L.P.*, 2015 U.S. Dist. LEXIS 165040 at *5 (S.D. Ohio Dec. 9, 2015) (a plaintiff cannot calculate his statutory damages if he does not have access to defendant's complete financial records.)). Furthermore, this Request seeks information relevant to Defendant's willfulness.

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 143**

"Produce any agreements with a most favored nation clause and produce all associated royalty statements where the royalty paid per download is greater than the royalty calculated by Spotify due to plaintiffs for any of the Exhibit A Musical Compositions."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of any agreements with a most favored nation clause and produce all associated royalty statements" and the terms "agreements," "most favored nation clause," "associated royalty statements," and "calculated" are vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Additionally, Defendant's objections are improper as it has not explained why the information is protected by privilege or work product doctrine; is neither relevant to the claims or

10

defense of any party nor proportional to the needs of the case; or seeks information more properly obtained through other means of discovery and disclosure.

This Request seeks information that is relevant to the central issue in this case of compliance with the Copyright Act. This Request seeks information Plaintiffs believe will reveal the influence of others on Defendant resulting in Defendant's willful failure to comply with the Copyright Act. Additionally, this Request seeks information that goes directly to Plaintiffs' damage claims to the extent Spotify and others have profited based on the number of songs available on its streaming service at the expense of publishers and songwriters, such as Plaintiffs.

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 146**

"Produce documents related to any lumpsum, royalty payments, made to any equity holding music company including any associated agreements."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of documents related to any lumpsum, royalty payments, made to any equity holding music company including any associated agreements" and the terms "lumpsum," "equity holding music company," and "associated agreement" are vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Additionally, Defendant's objections are improper as it has not explained why the information is protected by privilege or work product doctrine; is neither relevant to the claims or defense of any party nor proportional to the needs of the case; or seeks information more properly obtained through other means of discovery and disclosure.

This Request is relevant as it seeks information relevant to demonstrating that Defendant failed to comply with the Copyright Act. Plaintiffs believe the information this Request seeks will demonstrate that Defendant failed to pay proper royalties and therefore committed copyright infringement. Furthermore, the information this Request seeks is also relevant to damages and Defendant's willfulness. This information goes directly to Plaintiffs damage claims to the extent Spotify and others have profited at the expense of publishers and songwriters, such as Plaintiffs. (*See* Declaration of Sidney Blum ¶¶ 5-6, attached Exhibit G).

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 147**

"Produce documents related to any advance royalty payments made to any equity holding company including any associated agreements."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of documents related to any advance royalty payments made to any equity holding company including any associated agreements" and the terms "advance royalty payments," "equity holding company," and "associated agreement" are vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Additionally, Defendant's objections are improper as it has not explained why the information is protected by privilege or work product doctrine; is neither relevant to the claims or defense of any party nor proportional to the needs of the case; or seeks information more properly obtained through other means of discovery and disclosure.

This information is relevant to demonstrating that Defendant failed to comply with the Copyright Act. Plaintiffs believe this information will demonstrate that Defendant failed to pay

12

proper royalties and therefore committed copyright infringement. Furthermore, this information is also relevant to damages and Defendant's willfulness. This information goes directly to damage claims to the extent Spotify and others have profited at the expense of publishers and songwriters, such as Plaintiffs.

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 148**

"Produce documents related to any profit participation paid to any equity holding company, including how calculated, not included in royalty payments."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of documents related to any profit participation paid to any equity holding company, including how calculated, not included in royalty payments" and the terms "profit participation," "equity holding company," and "calculated" are vague and ambiguous. (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Additionally, Defendant's objections are improper as it has not explained why the information is protected by privilege or work product doctrine; is neither relevant to the claims or defense of any party nor proportional to the needs of the case; or seeks information more properly obtained through other means of discovery and disclosure.

This Request is relevant as it seeks information crucial for showing that Defendant failed to properly pay royalties and committed copyright infringement. Additionally, the information this Request seeks goes directly to Plaintiffs' damage claims to the extent Spotify and others have profited at the expense of publishers and songwriters, such as Plaintiffs. Plaintiffs believe the information this Request seeks will also support a finding that Defendant acted willfully when it

13

committed copyright infringement and violated the Copyright Act. (*See* Declaration of Sidney Blum ¶¶ 5-6, attached Exhibit G).

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 150**

"Produce all revenue plans used by Spotify to charge customers from inception through today."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of all revenue plans used by Spotify" and the terms "revenue plans", "used", "inception", and "today." (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Defendant agreed to meet and confer, but the parties reached an impasse. Additionally, Defendant's objections are improper as it has not explained why the information is protected by privilege or work product doctrine; is neither relevant to the claims or defense of any party nor proportional to the needs of the case; or seeks information more properly obtained through other means of discovery and disclosure. The information is designed to demonstrate the revenue Defendant generated from the exploitation of unlicensed musical compositions and willful copyright infringement. This information is designed to prove the appropriate amount of damages.

The Court should order Defendant to produce documents relevant to this Request.

**Plaintiffs' Request for Production Request No. 155**

"Produce any and all complaints, notices, demands, claims and non-privileged responses by Spotify related to any civil actions, lawsuits, demands, or claims filed by any party, individual, or entity against Spotify or sent to Spotify which claim in any manner that Spotify has failed to obtain compulsory licenses, or failed to pay mechanical royalties, or failed to comply with compulsory license requirements, or failed to obtain Notices of Intention, including but not limited to the

14

*Ferrick/Lowery v. Spotify* lawsuit, the *NMPA v. Spotify* lawsuit, or any other civil action, lawsuit, demand, or claim."

**Defendant Should be Ordered to Produce Documents Responsive to this Request**

In addition to boilerplate objections, Defendant objected on the basis that the Request is overly broad and unduly burdensome "particularly in that it seeks copies of any and all complaints, notices, demands, claims and non-privileged responses by Spotify related to any civil actions, lawsuits, demands, or claims filed by any party, individual, or entity against Spotify or sent to Spotify" and the terms "notices", "demands", "responses", "comply", "claims", and "failed" (*See* attached Exhibit B).

Defendant has not met its burden in explaining why the Request is overly broad or unduly burdensome. Defendant agreed to meet and confer, but the parties reached an impasse. Additionally, Defendant's objections are improper as it has not explained why the information is protected by privilege or work product doctrine; is neither relevant to the claims or defense of any party nor proportional to the needs of the case; or seeks information more properly obtained through other means of discovery and disclosure. *See King Records, Inc. v. Bennett*, No. 3:00-0299, 2006 U.S. Dist. LEXIS 41635, at *6 (M.D. Tenn. June 20, 2006) (The Court found that plaintiffs exhibits, a complaint and settlement agreement in another action were relevant "to show whether Defendants had, or should have had, knowledge that Horner may have been licensing a musical composition and sound recordings to which he did not have the rights."). This information is relevant to Defendant's pattern of noncompliance with the Copyright Act. Furthermore, the information is designed to prove that Defendant acted willfully and is directly related to the appropriate amount of damages.

The Court should order Defendant to produce documents relevant to this Request.

15

## V. CONCLUSION

For the reasons stated above, Plaintiffs request that this Court require Defendant to respond completely to the discovery requests in question, overrule each of Defendant's objections thereto, and produce all responsive documents.

Dated: December 4, 2018                     Respectfully submitted,

By: /s/ Joshua D. Wilson
Joshua D. Wilson (TN BPR # 031486)
Richard S. Busch (TN BPR # 14594)
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone:  615-726-5422
Facsimile:  615-726-5417
rbusch@kingballow.com
jwilson@kingballow.com

*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Plaintiffs' Memorandum of Law in Support of Their Motion to Compel Further Responses to Plaintiffs' Third Set of Requests for Production of Documents and Exhibits have been served upon the following parties in this matter using the ECF system this 4th day of December, 2018. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including the following:

MILLER LEGAL PARTNERS PLLC
Samuel F. Miller (TN BPR #22936)
A. Grace Van Dyke James (TN BPR #35667)
Nicholas R. Valenti (TN BPR # 35420)
Fifth Third Center
424 Church Street, Suite 2000
Nashville, Tennessee 37129
Telephone: (615) 988-9011
Facsimile: (615) 988-9559
Email: smiller@millerlegalpartners.com
Email: gjames@millerlegalpartners.com
Email: nvalenti@illerlegalpartners.com

SIMPSON THACHER & BARTLETT LLP
Jeffrey E. Ostrow (CA #213118, Admitted Pro Hac Vice)
Harrison Frahn (CA #206822, Admitted Pro Hac Vice)
Michael Joshi (CA # 302184, Admitted Pro Hac Vice)
2475 Hanover Street
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (212) 4552502
Email: jostrow@stblaw.com
Email: hfrahn@stblaw.com
Email: michael.joshi@stblaw.com

Christopher J. Sprigman (NY #CS7310, Admitted Pro Hac Vice)
Sarah Sheridan (NY #SS7628, Admitted Pro Hac Vice)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-7844
Facsimile: (212) 455-2502
Email: christopher.sprigman@stblaw.com
Email: sarah.sheridan@stblaw.com

SHACKLEFORD, BOWEN, MCKINLEY & NORTON, LLP
Jay S. Bowen (TN BPR #2649)
Lauren E. Kilgore, (TN BPR #30219)
47 Music Square East
Nashville, TN 37203
Telephone: 615-329-4440
Facsimile: 615-329-4485
Email: jbowen@shackelfordlaw.net
Email: lkilgore@shackelfordlaw.net

/s/ Joshua D. Wilson
*Attorney for Plaintiffs*